JOURNAL ENTRY AND OPINION
{¶ 1} Leon Haywood appeals his conviction for robbery and misdemeanor assault rendered after his bench trial. Haywood argues that the trial court erred in denying his motion for acquittal as the state failed to present sufficient evidence to sustain a conviction, and that his conviction is against the manifest weight of the evidence. For the following reasons, we affirm.
 {¶ 2} This case arises from an unsuccessful relationship between Haywood and Kamilah Butler, a fourth-year, fine arts major at Columbus College of Urban Design, Columbus, Ohio. Kamilah Butler grew up in Shaker Heights and resided with her mother while not attending school. Near the end of August 2003, Ms. Butler met Haywood at a dance club. The two began dating and continued to do so until Ms. Butler ended the relationship in November 2003. Haywood continued to call Ms. Butler and the two would occasionally run into each other at various nightclubs in the flats. However, Ms. Butler testified that she was not interested in resuming the relationship and any attempts by Haywood to do so were futile.
 {¶ 3} On January 10, 2004, Ms. Butler left Columbus and drove to Cleveland to visit her sister and young niece. At approximately 3:00 p.m., she pulled into the Marathon gas station located at East 55th and Woodland. After she paid for her gas, she got back into her car, at which time the defendant opened the passenger side door and entered her car. Haywood asked Ms. Butler to drive him to an unknown location on East 33rd Street and Community College. When she told Haywood that she could not take him, he became upset, grabbed Ms. Butler by her hair, put one hand around her throat, and pushed her face into the steering wheel. She then pulled out of the Marathon gas station in the direction of East 55th and Community College.
 {¶ 4} On East 40th Street, Ms. Butler pulled into another gas station, where she asked Haywood to exit the vehicle. Haywood, in an attempt to gain control of the car, grabbed Ms. Butler by her hair, pulling out her hair weave. He then dragged her from the driver's seat, across the console, to the passenger side of the front seat. The struggle continued until she fell out of the car, where he kicked her and stepped on her back. Ms. Butler sustained many bruises, cuts, and a few broken nails. Haywood then grabbed Ms. Butler's purse, which contained $800 in cash, a cellular phone, checks, and a watch, and walked away, taking the purse with him.
 {¶ 5} Ms. Butler managed to get into her car and drove back to the Marathon station at East 55th. There she called 9-1-1 and two girlfriends. Ms. Butler made a police report and, with the aid of her friends, went to her sister's apartment at Shaker Square, where her mother and uncle were also present.
 {¶ 6} Ms. Butler's mother drove her to the Cleveland Police Department — Third District, where she spoke with the Commander. Ms. Butler indicated that Haywood may have gone to his sister's house at the Garden Valley Housing Projects on 71st and Kinsman. The Commander drove Ms. Butler to the location she identified. Four to seven zone cars were also dispatched to the same location. Officers found Haywood inside his sister's home and placed him under arrest. On the information provided by Haywood, the police found Ms. Butler's wallet and checks at the Best Hotel; shortly thereafter, they found her purse, hair weave, and $350 in cash at his sister's home.
 {¶ 7} The Cuyahoga County Grand Jury charged Haywood with one count of robbery in violation of R.C. 2911.02; one count of assault, in violation of R.C. 2903.13; and one count of kidnapping, in violation of R.C. 2905.01. Prior to trial, Haywood executed a written jury waiver and orally acknowledged on the record that he was waiving his right to a jury trial. The case proceeded to a bench trial on May 11, 2004, and the trial judge found Haywood guilty of robbery and assault as charged and not guilty of kidnapping. On June 15, 2004, the trial judge sentenced him to four years for robbery and six months for assault, to be served concurrently. Haywood appeals, raising the two assignments of error contained in the appendix attached to this opinion.
 {¶ 8} In Haywood's first assignment of error, Haywood argues that "the trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 9} A challenge to the sufficiency of evidence is a matter of law to be determined by the trial court based upon only a favorable interpretation of the evidence produced by the prosecution. Therefore, sufficiency requires that this court view the matters adduced in the light most favorable to the prosecution and determine whether a rational factfinder could have found all the material elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273. Once the trial court has made its ruling on the sufficiency of the evidence, the issues become a matter for the factfinder, who weighs all the evidence, including evidence presented by the defense, if any, and determines the credibility of the witnesses. Id.
 {¶ 10} The elements of robbery are set forth in R.C. 2911.02, which in part provides:
"(A) No person, in attempting or committing a theft offense orin fleeing immediately after the attempt or offense, shall do anyof the following:
* * *
(2) Inflict, attempt to inflict, or threaten to inflict physical harmon another."
 {¶ 11} Additionally, the elements of assault are set forth in R.C. 2903.13, which in part provides:
"(A) No person shall knowingly cause or attempt to cause physical harmto another * * *."
 {¶ 12} Regarding the robbery charge, evidence at trial was that Haywood struggled with Ms. Butler, attempted to take her car keys and, in fact, grabbed her purse from underneath her as she was lying on the ground.
 {¶ 13} Haywood argues that this was a relationship gone bad, and that it was not his intent to take Ms. Butler's purse; however, the facts speak loudly as to his intent.
 {¶ 14} On the misdemeanor assault charge, evidence was introduced that Haywood repeatedly hit and kicked Ms. Butler, dragged her out of her car, ripped her hair weave from her head, caused multiple bruises all over her body, and broke several of her fingernails. A witness and police officers testified that they observed the bruises and marks.
 {¶ 15} We find, after viewing the evidence in a light most favorable to the prosecution, that any rational trier of fact could have found that Haywood did knowingly cause or attempted to cause physical harm to Ms. Butler. Accordingly, we further find that the evidence is legally sufficient to support the trial court's verdict as a matter of law. Haywood's first assignment of error is overruled.
 {¶ 16} In Haywood's second assignment of error, he claims his conviction is against the manifest weight of the evidence.
 {¶ 17} In reviewing the claim challenging the manifest weight of the evidence, we are directed as follows: "`[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to a jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect ininducing belief." (Emphasis in original.) Id. at 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594.
 {¶ 18} A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecutor proved the offense beyond a reasonable doubt. State v. Eley
(1978), 56 Ohio St.2d 169. Furthermore, the power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against conviction. State v. Martin, 20 Ohio App.3d 172, 175, citingTibbs v. Florida (1982), 457 U.S. 31.
 {¶ 19} After reviewing the entire record, including Haywood's testimony, we cannot say that the trial court lost its way. Although the victim and appellant gave conflicting accounts of what happened, the trial court believed the victim. The trier of fact is in a better position to observe the demeanor of the witnesses and weigh their credibility. State v. Bezak, Cuyahoga App. No. 84008, 2004-Ohio-6623. We cannot say that the verdict is against the manifest weight of the evidence. Haywood's second assignment of error is overruled.
Judgment affirmed.
 Appendix Assignments of Error:
 "I. The trial court erred in denying Appellant's motion for acquittalas to the charges when the state failed to present sufficient evidence tosustain a conviction.
 "II. Appellant's conviction is against the manifest weight of theevidence."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., And Gallagher, J., Concur.